# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

RANDY LEE,

    Plaintiff,

vs.

DANIEL DAWSON; STATE OF IOWA; JAMES FOUTS; and CITY OF ONAWA, IOWA,

    Defendants.

No. 17-CV-4073-LTS

**ORDER**

---

This matter is before the court on Plaintiff's Amended[1] Motion to File a Complaint and Jury Demand Pursuant to Federal Law (Doc. 16). Defendants Daniel Dawson and the State of Iowa (the State) filed a timely resistance to the motion (Doc. 19), as did Defendants James Fouts and the City of Onawa, Iowa (the City) (Doc. 20). Lee filed a reply (Doc. 24). Lee requests leave to file an amended petition, which, as outlined below, would essentially constitute the fourth amended petition in this action. Defendants resist, arguing the proposed amended petition cannot not withstand a motion to dismiss and therefore leave to amend should be denied.

## I.     PROCEDURAL BACKGROUND

Lee originally filed this action by petition in state court against Defendants Fouts and the City on September 11, 2017. Doc. 4 at 3-6. Lee filed an amended petition the next day, on September 12, 2017. Doc. 4 at 9-12. Lee then filed a second amended

---

[1] Plaintiff's original motion to amend (Doc. 14) was denied without prejudice for failure to comply with Local Rules (Doc. 15).

petition on September 22, 2017. Doc. 4 at 18-21. After Defendants Fouts and the City filed their answer (Doc. 4 at 33-35) and a motion for summary judgment (Doc. 4 at 36-45), Lee sought leave of court to file a third amended petition (Doc. 4 at 49-52, 65-74). The state court granted leave for the amendment and the third amended petition was deemed filed on November 27, 2017. Doc. 4 at 75-82, 91, 94. The third amended petition added Defendants Dawson and the State. Doc. 4 at 75-82.

Defendants Fouts and the City removed the action to this court on December 13, 2017 (Doc. 1), and the third amended petition became the initial pleading in this federal case (Doc. 3). Defendants Fouts and the City filed an answer on December 19, 2017 (Doc. 7), and Defendants Dawson and the State filed a motion to dismiss on January 3, 2018 (Doc. 10). After resisting the motion to dismiss (Doc. 12), Lee then timely filed both the original motion and the amended motion to amend the petition (Docs. 14, 16) prior to the deadline for amending pleadings, which is set for March 19, 2018 (Doc. 22).

## II. DISCUSSION

Lee requests leave of court "to amend his former Iowa Petition into a federal Complaint." Doc. 16 at 1. Lee seeks to amend his petition "[t]o better comply with federal law and to be more specific about Plaintiff's allegations." Doc. 16 at 2. The proposed amended complaint (Doc. 16-1) appears to add information about jurisdiction and venue for this court, sets forth the factual allegations in separate numbered paragraphs, and rephrases the two counts raised in the third amended petition (Doc. 3).

At this stage in a case, a party may amend a pleading prior to trial with the opposing parties' written consent or leave of court. Fed. R. Civ. P. 15(a)(2). Allowing amendment of a pleading would be improper if the motion to amend involves "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "The court should freely give

2

leave . . . to amend . . . when justice so requires." *Id*. A party seeking leave to amend after the amendment deadline has expired must also show good cause to extend the deadline. *Id*. at 497 (citing Fed. R. Civ. P. 16(b)). In this case, because Lee sought leave to amend his petition prior to the deadline for amending pleadings, he need not show good cause, and amendment should be freely given if justice requires. *Van Stelton v. Van Stelton*, 904 F. Supp. 2d 965, 968 (N.D. Iowa 2012).

Defendants argue the proposed amendment would be futile because even as revised, the proposed amended petition (Doc. 16-1) fails to state a claim and would therefore not survive a motion to dismiss. Docs. 19 at 3-7, 20 at 2-3. Dawson and the State also argue the claims against them are subject to summary dismissal and therefore the requested amendment should be denied. Doc. 19 at 7. "[A] proposed amendment is futile if it could not survive a Rule 12 motion to dismiss." *Van Stelton*, 904 F. Supp. 2d at 969.

> The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved"[;] "[i]t is the facts well pleaded, not the theory of recovery or legal conclusions," that state a cause of action and put a party on notice.

*Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) (citations omitted) (quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir. 1997); *Economy Hous. Co. v. Continental Forest Prods., Inc.*, 757 F.2d 200, 203 (8th Cir. 1985)).

Here, although the proposed amended petition rephrases and revamps the original petition, the general nature of the two counts remain the same and allege that Defendants, acting under color of law, violated Lee's rights by conducting an unreasonable search and seizure that was unsupported by probable cause (Count 1) and that Defendants, acting under color of law, violated Lee's rights by unlawfully seizing his firearm. Although this would technically be the fourth amended petition in this action, this would be the first amendment since the action was removed to this court from state court. It is possible that the proposed amended petition may not survive a motion to dismiss or summary

judgment, but the proposed amended complaint is not so facially deficient to warrant denial of the motion to amend. At this stage of the case, the court finds that justice requires that Lee should be allowed to amend his petition as requested.

The court has taken into consideration in ruling on this motion that both sets of Defendants have responded to the petition since its removal from state court and that Fouts and the City previously responded to multiple amended petitions in state court. The court is mindful of the time and expense Defendants incur by having to respond to multiple amended petitions. Although the court finds leave should be granted to amend the petition as requested, the court is *__highly__* unlikely to grant any future request to amend the petition in light of the procedural history of prior amendments in this action.

### III. CONCLUSION

Plaintiff Randy Lee's amended motion to amend (Doc. 16) is **granted**; Plaintiff is granted leave of Court to file the amended complaint as proposed at Doc. 16-1.

**IT IS SO ORDERED** this 14th day of March, 2018.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa